J-S25006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM R. SOMMERS | : | |
| | : | |
| Appellant | : | No. 562 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000514-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM R. SOMMERS | : | |
| | : | |
| Appellant | : | No. 563 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000515-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM R. SOMMERS | : | |
| | : | |
| Appellant | : | No. 564 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000516-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| WILLIAM SOMMERS | : |  |
|  | : |  |
| Appellant | : | No. 565 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000567-2018

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| WILLIAM RICHARD SOMMERS | : |  |
|  | : |  |
| Appellant | : | No. 566 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000708-2018

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| WILLIAM RICHARD SOMMERS | : |  |
|  | : |  |
| Appellant | : | No. 567 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000543-2018

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

WILLIAM R. SOMMERS        :
                                        :

        Appellant          :      No. 568 WDA 2021

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014858-2017

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

            v.                      :
                                          :

WILLIAM SOMMERS           :
                                          :

        Appellant          :      No. 569 WDA 2021

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015162-2017

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

            v.                      :
                                          :

WILLIAM R. SOMMERS        :

        Appellant          :      No. 570 WDA 2021

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015165-2017

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

            v.                      :
                                          :

WILLIAM SOMMERS           :

        Appellant          :      No. 571 WDA 2021

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015237-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM R. SOMMERS | : | |
| Appellant | : | No. 572 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015546-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM SOMMERS | : | |
| Appellant | : | No. 573 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015785-2017

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: AUGUST 19, 2022**

Appellant, William Sommers, appeals in twelve, consolidated cases from the aggregate judgment of sentence of 12 to 24 years' incarceration, followed by two years' probation, imposed after he pled guilty to multiple counts of various offenses, including burglary, receiving stolen property, possessing

- 4 -

instruments of crime, and conspiracy. On appeal, Appellant seeks to challenge the validity of his guilty plea and the discretionary aspects of his sentence. Additionally, Appellant's counsel, Rachael Santoriella, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. In regard to the procedural history of his case, Attorney Santoriella explains:

> Appellant … was charged by twelve criminal informations as listed: On December []4, 2017, at No. CC 201714858[,] with one (1) count of Criminal Attempt - Burglary, 18 Pa.C.S.[] § 3502(a)(2); and one (1) count of Possessing Instruments of Crime, 18 Pa.C.S.[] § 907(a); on December 11, 2017, at No. CC 201715162[,] with one (1) count of Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a); and one (1) count of Conspiracy - Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a); on December 11, 2017, at No. CC 201715165[,] with one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); one (1) count of Criminal Attempt - Burglary, 18 Pa.C.S.[] § 3502(a)(2); one (1) count of Theft, 18 Pa.C.S.[] § 3921(a); and one (1) count of Criminal Mischief, 18 Pa.C.S.[] § 3304(a)(5); on December 26, 2017, at No. CC 201715237[,] with one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); on December 19, 2017, at No. CC 201715546[,] with one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); and one (1) count of Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a); on December 26, 2017, at CC No. 201715785[,] with one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); on January 16, 2018, at No. CC 201800514[,] with one (1) count of Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a); on January 16, 2018, at No. CC 201800515[,] with one (1) count of Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a); one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); and one (1) count of Theft, 18 Pa.C.S.[] § 3921(a).

On January 16, 2018, at No. CC 201800516[,] with one (1) count of Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a); one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); and one (1) count of Theft, 18 Pa.C.S.[] § 3921(a); on January 17, 2018, at No. CC 201800543[,] with one (1) count of Criminal Mischief, 18 Pa.C.S.[] § 3304(a)(5); one (1) count of Burglary, 18 Pa.C.S.[] § 3502(a)(2); and one (1) count of Receiving Stolen Property, 18 Pa.C.S.[] § 3925(a) and one (1) count of Conspiracy - Burglary 18 Pa.C.S.[] § 3502(a)(4); on January 17, 2018, at CC No. 201800567[,] with One (1) count of Dealing in Proceeds of Unlawful Activities 18 Pa.C.S.[] § 5111(a)(1); and one (1) count of Receiving Stolen Property 18 Pa.C.S.[] § 3925(a).

Appellant, represented by Angelina Lowers, Esquire, of the Allegheny County Public Defender's Office, proceeded to enter a plea of guilty to the above[-]listed[,] twelve (12) informations, on June 21, 2018, before the Honorable Edward J. Borkowski. Assistant District Attorney Steven Liboski, Esquire[,] presented the Commonwealth's position.

The plea was accepted, and Appellant proceeded to sentencing on July 17, 2018. Appellant was sentenced at the time of his probation violation hearing for the convenience of all parties.

Appellant was sentenced to an aggregate sentence of twelve to twenty-four years of incarceration (12-24) and two (2) years of probation consecutive to the period of incarceration.

Trial counsel filed a Motion to Reconsider Sentence on July 26, 2018. The trial court denied that motion on October 3, 2018. No notice of appeal was filed.

On May 23, 2019, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act[ (PCRA), 42 Pa.C.S. §§ 9541-9546].

On July 2, 2019, [the] trial court appointed undersigned counsel with respect to his *pro se* petition.

On November 14, 2020, Appellant filed an amended PCRA petition seeking to reinstate his appellate rights.

On March 1, 2021, the trial court entered an order reinstating Appellant's post-sentence and appellate rights.

On March 11, 2021, Appellant filed post-sentence motions, which were denied on April 27, 2021.[1]

_____

[1] Contrary to Appellant's claim that the court reinstated his post-sentence motion rights, the court's order granting him PCRA relief stated, in its entirety:

> AND NOW to-wit this 1st day of March 2021, it is hereby Ordered, Adjudged and Decreed that Order of Court dated December 7, 2021[,] granting defendant's Motion for Extension of Time to File Amended P.C.R.A. *Nunc Pro Tunc* is hereby VACATED. Defendant's appellate rights are REINSTATED.

Trial Court Order, 3/1/21, at 1 (single page; emphasis omitted). Because this order did not explicitly reinstate Appellant's right to file a post-sentence motion *nunc pro tunc*, his post-sentence motion — filed years after the imposition of his sentence — was patently untimely. ***See Commonwealth v. Wright***, 846 A.2d 730, 734 (Pa. Super. 2004) (declaring that a PCRA court's order reinstating an appellant's direct appeal rights does not automatically reinstate his right to file a post-sentence motion); ***see also Commonwealth v. Liston***, 977 A.2d 1089, 1094 (Pa. 2009) (holding that appellants who have been granted the right to file an appeal *nunc pro tunc* do not have an automatic right to file post-sentence motions *nunc pro tunc*). Moreover, the fact that the PCRA court considered, and ultimately denied, Appellant's *nunc pro tunc* post-sentence motion did not cure its untimeliness. ***Wright***, 846 A.2d at 734 (finding that the trial court's resolution of the appellant's belated, post-sentence motion was no substitute for an order expressly restoring the right to file such a motion *nunc pro tunc*). Because Appellant's post-sentence motion was untimely, his May 10, 2021 notices of appeal from the court's March 1, 2021 order reinstating his appellate rights are also facially untimely. ***See*** Pa.R.A.P. 903 (directing that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); ***Wright***, 846 A.2d at 734 ("When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights.").

However, the trial court's March 1, 2021 order failed to provide Appellant with notice of his appellate rights. ***See*** Pa.R.Crim.P. 907(4) (directing that the court advise defendant of his right to appeal and the time limits within which to file said appeal); Pa.R.Crim.P. 907 Cmnt. ("When the disposition granting a petition reinstates a defendant's direct appeal rights *nunc pro tunc*, the judge must advise the defendant by certified mail, return receipt requested[,] that a new notice of appeal must be filed within 30 days of the order."). This

*(Footnote Continued Next Page)*

- 7 -

***Anders*** Brief at 5-8 (unnecessary capitalization and citations to the record omitted).

On May 10, 2021, Appellant filed twelve notices of appeal from his judgments of sentence.[2] The court ordered Appellant to file a Pa.R.A.P.

_____

Court has concluded that a breakdown in the operations of the court occurs where the trial court fails to properly advise the defendant regarding his or her appellate rights. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [the appellants] of [their] post-sentence and appellate rights or misadvised [them].").  Therefore, we will consider the court's failure to advise Appellant, in its March 1, 2021 order, that his appeal must be filed within 30 days as a breakdown in the court's operations that excuses the untimeliness of his present appeal.

[2] Each of Appellant's notices of appeal listed all twelve trial court docket numbers, which one different docket number highlighted on each. Pennsylvania Rule of Appellate Procedure 341(a) and its Note require the filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket.  The Supreme Court of Pennsylvania has confirmed that, prospective to June 1, 2018, a notice of appeal that fails to comply with Rule 341 and its Note ***may*** result in quashal of the appeal.  ***See Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), *abrogated in part by* ***Commonwealth v. Young***, 265 A.3d 462, 477 n.19 (Pa. 2021) (reaffirming ***Walker's*** holding that separate notices of appeal should be filed from an order that resolves issues arising on more than one docket, but "expressly overrul[ing] those statements in the [***Walker***] opinion indicating '[t]he failure to do so ***requires*** the appellate court to quash the appeal'") (quoting ***Walker***, 185 A.3d at 977 (emphasis added)).  While ***Young*** now permits this Court, in our discretion, to remand for an appellant to correct a ***Walker*** error in his or her notice of appeal, as long as that appeal was timely filed, we need not do so in the present case.  Here, a single trial court docket number is highlighted on each of Appellant's notices of appeal.  In ***Commonwealth v. Johnson***, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court held that Johnson complied with Rule 341 and ***Walker*** by filing four notices of appeal that listed all four trial court docket numbers on each notice, but had one docket number italicized on each.  ***Id.*** at 1148.  Regarding the instant appeals, it is unknown
*(Footnote Continued Next Page)*

1925(b) concise statement of errors complained of on appeal and, after being granted several extensions of time, Appellant filed a timely Rule 1925(b) statement on August 7, 2021. Therein, he preserved the following three issues for our review:

> 1. Whether … [A]ppellant made a knowing, intelligent and voluntary plea of guilty when he was promised that the [c]ourt would sentence to a period of 4 to 8 years[' incarceration,] although no agreement as to sentencing was presented at the time of sentencing?
>
> 2. Whether the [c]ourt erred in not allowing … [A]ppellant to withdraw his guilty plea?
>
> 3. Whether the sentencing [c]ourt erred in sentencing … Appellant to an aggregate sentence of 12 to 24 years of incarceration by focusing on the serious[] nature of the offense[s] to the exclusion of other factors, such as the need for … [A]ppellant's rehabilitation?

Pa.R.A.P. 1925(b) Statement, 8/7/21, at 1-2 (unnumbered; reordered). On September 13, 2021, the court filed its Rule 1925(a) opinion, concluding that Appellant's issues are meritless.

On February 17, 2022, Attorney Santoriella filed an **Anders** brief, but not a contemporaneous motion to withdraw, nor a copy of a letter sent to Appellant informing him of his rights due to her seeking to withdraw. In response to several orders by this Court, counsel filed, on March 24, 2022, a motion to withdraw and proof that she served upon Appellant a notice-of-rights letter, which counsel also attached to her motion to withdraw. In her

_____

whether Appellant's counsel or the clerk of courts highlighted the individual trial court number for each appeal. Nevertheless, because there is a designation on each notice, like in **Johnson**, we decline to remand or quash.

motion to withdraw and **Anders** brief, Attorney Santoriella concludes that

Appellant's issues are frivolous, and that he has no other, non-frivolous issues

he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After

determining that counsel has satisfied these technical requirements of **Anders**

and **Santiago**, this Court must then "conduct a simple review of the record to

ascertain if there appear[s] on its face to be arguably meritorious issues that

counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Santoriella's ***Anders*** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination and supports her rationale with citations to the record and pertinent legal authority. Attorney Santoriella also states in her petition to withdraw that she has supplied Appellant with a copy of her ***Anders*** brief. Additionally, as stated *supra*, she attached a letter directed to Appellant to her petition to withdraw, in which she informed him of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant's first two issues are related and, thus, we address them together. Appellant seeks to argue that his guilty plea was not knowingly, intelligently, and voluntarily entered. Therefore, he contends that the court erred by not allowing him to withdraw his plea.

Initially, Attorney Santoriella observes that Appellant did not object to the validity of his plea at the colloquy, or request to withdraw his guilty plea before, or during, his sentencing hearing. ***See Anders*** Brief at 12. Moreover,

Appellant did not raise this claim in the timely, post-sentence motion he filed following his sentencing. Even if the PCRA court had explicitly reinstated Appellant's post-sentence motion rights, thereby validating the *nunc pro tunc* post-sentence motion filed by Attorney Santoriella, she did not include any challenge to Appellant's plea in the motion she filed on his behalf. Accordingly, we are compelled to agree with Attorney Santoriella that Appellant has waived his first two issues for our review, thus rendering them frivolous. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Notwithstanding waiver, we would also agree with Attorney Santoriella that Appellant's challenge to the validity of his plea is frivolous on the merits and, therefore, the court would not have erred by denying his request to withdraw the plea, had he timely made one. In Appellant's Rule 1925(b) statement, he contended that his plea was not knowing, intelligent, and voluntary because he believed he would receive a sentence of 4 to 8 years' incarceration, rather than the term of 12 to 24 years' imprisonment the court ultimately imposed.

The record does not support Appellant's claim. Initially, it is well-settled that

> post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In

> determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.
>
> [**Commonwealth v. Broaden**, 980 A.3d 124,] 129 [Pa. Super. 2009)] (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.
>
> **Commonwealth v. Shaffer**, … 712 A.2d 749, 751 ([Pa.] 1998) (citation omitted).

**Commonwealth v. Kehr**, 180 A.3d 754, 756–57 (Pa. Super. 2018) (brackets omitted).

> Here, the trial court stresses that,
>
> neither at the time of the plea or sentencing in this matter were any averments placed on the record with the [t]rial [c]ourt concerning a particular negotiated sentence. In fact, at the time of the plea, the [t]rial [c]ourt questioned the Commonwealth as to whether there was any agreement as to the sentence, which was answered in the negative and never objected to by Appellant or his counsel. ([N.T. Plea, 6/21/18, at] 8). As such, this claim is without merit….

Trial Court Opinion (TCO), 9/13/21, at 14. Additionally, the record shows that

Appellant confirmed, during his guilty plea colloquy, that he discussed with his

attorney "the maximum penalty allowed by law" on the charges to which he

was pleading guilty. N.T. Plea at 5. He also stated that he read and understood the written plea colloquy, and that he had answered honestly all the questions in that colloquy. *Id.* at 3. Therein, Appellant attested that no one had promised him anything in exchange for pleading guilty, other than the express terms of the plea bargain. *See* Written Plea Colloquy, 6/21/18, at 9.

Considering this record, we discern nothing that would support Appellant's contention that his guilty plea was premised on an erroneous belief that he would receive a sentence of 4 to 8 years' incarceration. Accordingly, even if not waived, we would agree with Attorney Santoriella that Appellant's claims that his plea was not knowing, intelligent, and voluntary, and that the court should have permitted him to withdraw his plea, are frivolous.

In Appellant's third issue, he seeks to challenge the discretionary aspects of his sentence, claiming "that the [c]ourt did not take all the factors into consideration and solely focused on the crimes charged." *Anders* Brief at 29. Initially,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

> appealed from is not appropriate under the Sentencing
> Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans****,* 901 A.2d 528, 533 (Pa. Super. 2006),
> *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the
> discretionary aspects of a sentence are generally waived if they
> are not raised at the sentencing hearing or in a motion to modify
> the sentence imposed. ***Commonwealth v. Mann****,* 820 A.2d 788,
> 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.]
> 2003).
>
> The determination of what constitutes a substantial question must
> be evaluated on a case-by-case basis. ***Commonwealth v. Paul****,*
> 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question
> exists "only when the appellant advances a colorable argument
> that the sentencing judge's actions were either: (1) inconsistent
> with a specific provision of the Sentencing Code; or (2) contrary
> to the fundamental norms which underlie the sentencing process."
> ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, for the reasons stated *supra*, we consider Appellant's *nunc pro tunc* appeal as being timely filed from the order reinstating his appellate rights. We also discern no fatal defect in Attorney Santoriella's **Anders** brief.[3]

---

[3] We recognize, however, that Attorney Santoriella omits a Pa.R.A.P. 2119(f) statement regarding Appellant's challenge to the discretionary aspects of his sentence. Counsel acknowledges that she did not comply with Rule 2119(f). **See** Pa.R.A.P. 2119(f) (direction that an appellant who challenges the discretionary aspects of a sentence shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; the statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence). Notably, counsel acknowledges that she did not provide a Rule 2119(f) statement, and avers that she has "simultaneously addressed why a substantial question pursuant to Rule 2119(f) cannot be established and why the merits of the claim raised are frivolous." **See Anders** Brief at 23-24. Thus, counsel posits that her non-compliance is in accord with the dictates of
*(Footnote Continued Next Page)*

In regard to whether Appellant properly preserved his sentencing claim before the trial court, we recognize that Appellant filed a timely, post-sentence motion for reconsideration of his sentence on July 26, 2018. Therein, he claimed that his sentence is excessive because he is (1) a non-violent offender, (2) he has a history of mental illness and drug and alcohol addiction issues, (3) he completed treatment programs while incarcerated pre-trial and requires "continuing, long-term, intensive care to treat his drug addiction and mental illness[,]" (4) he has been sober for extended periods of time, (5) he fully cooperated with authorities, and (6) he "saved the county a tremendous amount of money and resources by entering a general guilty plea on these cases." Post-Sentence Motion, 7/26/18, at 2-3 (unnumbered). Notably, although Appellant pointed to his rehabilitative needs, he did not explicitly contend that the trial court ignored those needs and focused only on the seriousness of his offenses, which is the claim preserved in his Rule 1925(b)

---

*Santiago*, and she states further that there is "no colorable argument that the trial court's sentence is inconsistent with the sentencing code or fundamentally contradicts [the] norms which underlie the sentencing process." *See Anders* Brief at 24 (citing *Commonwealth v. Davis*, 734 A.2d 882 (Pa. 1999)). For its part, the Commonwealth points out that Attorney Santoriella did not comply with Rule 2119(f), but it also acknowledges that we will not dismiss an appeal for this error in an *Anders* situation. *See* Commonwealth's Brief at 22 (citing *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super 2015) (holding that where counsel filed an *Anders* brief, this Court will review a discretionary sentencing claim even absent a Rule 2119(f) statement)). The Commonwealth is correct. We decline to dismiss.

statement. Thus, that specific argument is waived for our review. ***See***

Pa.R.A.P. 302(a).

Nevertheless, even if preserved, we would conclude that Appellant's

sentencing challenge is frivolous.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

> In this case, the trial court explains:
>
> Appellant's claim that the [t]rial [c]ourt failed to consider other relevant sentencing factors, such as his need for rehabilitation, and focused on the serious nature of the offense[s] when imposing [his] sentence is belied by the record. At sentencing[,] the [t]rial [c]ourt stated:
>
>> As to [Appellant], the [c]ourt has taken into account the … sentencing guidelines. These are the factors I apply to sentencing in general. It is actually the public impact of the crimes on the victims, the rehabilitative needs for the defendant[,] as well as his individual background. The [c]ourt agrees with the District Attorney in terms of the dynamics attached to this crime spree and the dramatic effects on the victims in terms of the property lost and sense of security. The [c]ourt, however, at the same time understands sometimes it is falling off the sentencing cliff, so to speak, in terms of warehousing an individual. The [c]ourt's practice is to sentence consecutive for each instance. Nonetheless, the [c]ourt understands [Appellant] was cooperative, and the property was returned and he has accepted responsibility for his conduct.
>
> ([N.T. Sentencing, 7/17/18, at] 11).

- 17 -

Here, the [t]rial [c]ourt clearly comported with the requirements of 42 Pa.C.S. § 9721(b) and did not fail to consider other relevant sentencing factors, such as [Appellant's] need for rehabilitation, when imposing [his] sentence. The record clearly evinces that the [t]rial [c]ourt considered the protection of the public, gravity of the offenses, and the impact on the victims and community[,] as well as … Appellant's background and rehabilitative needs when [the] sentence was imposed in this matter. The [c]ourt notes that [Appellant's] criminal history, spanning over thirty years, include[s] six prior[,] first[-]degree felony burglary convictions. Additionally, at the time of the commission of the offenses in the above-refenced twelve cases, Appellant was under supervision for seven active cases with the [c]ourt in which the new convictions in the above-referenced twelve cases constituted violations of his parole. ([N.T. Sentencing at] 4-9).

The [t]rial [c]ourt, consistent with the individualized sentencing scheme in Pennsylvania, gave equal consideration to all sentencing factors[,] including Appellant's need for rehabilitation. A review of the entirety of the sentencing hearing reveals that the [t]rial [c]ourt undertook a fair and even-handed approach to Appellant's sentencing consistent with Pennsylvania law. As such, the [t]rial [c]ourt did not err in imposing an aggregate [12] to [24] years' incarceration in this matter. **_See generally Commonwealth v. Crump_**, 995 A.2d 1280, 1283 (Pa. Super. 2010) ([stating that the] record in toto must reflect the sentencing [c]ourt's consideration of the facts of the crime and character of the defendant). Appellant's claim is without merit.

TCO at 12-13 (footnote omitted).

The record supports the trial court's explanation that it considered the required sentencing factors, including Appellant's rehabilitative needs. Moreover, as Attorney Santoriella points out, Appellant faced a total, aggregate sentence of 147 to 294 years' incarceration. **_See Anders_** Brief at 26-27. The court ultimately imposed "a somewhat lenient sentence," **_id._** at 28, giving Appellant

six (6) concurrent sentences of two (2) to four (4) years of incarceration and six (6) consecutive sentences of two (2) to four

- 18 -

(4) years of incarceration. Appellant also received no further penalty as to sixteen (16) counts. The two (2) year minimum was below the mitigated sentencing guideline range for the felony charges. There was no penalty on sixteen (16) counts [and], thus, those sentences were also below the mitigated range of the sentencing guidelines.

*Id.* at 29. Consequently, we agree with counsel that "Appellant obtained an aggregate sentence through the help of his able counsel that could be correctly characterized as lenient." *Id.* Accordingly, we would not discern any abuse of the court's ample sentencing discretion.

In sum, for the reasons stated herein, we agree with Attorney Santoriella that the issues Appellant seeks to raise on appeal are frivolous. Additionally, our review of the record does not reveal any other, non-frivolous claims Appellant could assert herein. As such, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  08/19/2022